*In re* Roberts, *Petitioner.*

---

*In the matter of the Application of* L. D. ROBERTS *for a Writ of Habeas Corpus.*

No. 385.

IMPRISONMENT FOR DEBT—*Void Statute.* Paragraphs 4872 and 4873, General Statutes of 1889, so far as they relate to the arrest and imprisonment of a judgment debtor, upon the affidavit of the plaintiff, his agent or attorney alone, are unconstitutional and void, for the reason that they are in violation of article 14, section 1, of the constitution of the United States, which declares that no state shall "deprive any person of life, liberty or property without due process of law."

MEMORANDUM.— Original application by L. D. Roberts for a writ of *habeas corpus.* Granted. Opinion filed July 13, 1896.

*Humphrey & Hudson,* for petitioner.

*J. I. Sheppard,* for respondent.

The opinion of the court was delivered by

COLE, J.: On the 17th day of April, 1896, L. D. Roberts made application to Hon. W. A. JOHNSON, presiding judge of this court, for the issuance of a writ of *habeas corpus,* and the hearing of the matter was continued until the 2d day of June, and was heard before the court in regular session at Fort Scott.

The petitioner alleges that he is unlawfully deprived of his liberty by Allen Wheeler, sheriff of Bourbon county, and the cause of his said restraint he alleges to be, that about February 28, 1896, one Fletcher Oliver filed in the justice's court of C. F. Coryell a bill of particulars demanding judgment against said Roberts for $300, and that a judgment was afterward rendered for said amount, together with costs taxed at $3.50, and that, after the rendition of the judgment, the said Fletcher Oliver filed with the justice of the peace his affidavit, setting forth the fact that he had obtained judgment against said Roberts, and alleging that the said Roberts had property which he fraudulently concealed, and that he had converted a part of his property into money for the purpose of defrauding his creditors, and that he fraudulently contracted the debt upon which the judgment was obtained, and as a statement of facts to support such allegations stated in said affidavit that Roberts had told him (Oliver) that he had so disposed of his property that Oliver could get none of it; that he had money, but would not pay Oliver; that thereupon the said justice of the peace issued an order of arrest for said Roberts, directed to B. F. Waters, constable of the city of Fort Scott, and commanding him, in case the amount of the judgment in question should not be paid to him or property of the defendant be found within his county whereon to levy execution sufficient to satisfy the same, to arrest the said defendant, L. D. Roberts, and deliver him to the sheriff of Bourbon county, to be by him committed to the jail of said county and kept in custody until discharged by law; that upon said affidavit and order defendant was arrested by said constable and delivered

over to said sheriff, who now deprives him of his liberty.

The answer of the sheriff to the writ admitted the arrest of said Roberts in the manner stated in the petition, and alleged that after the arrest said Roberts entered into a recognizance to remain within prison bounds until discharged by law; that afterward the sureties upon said bond presented to him a copy of said bond, together with the person of L. D. Roberts, and demanded that he take said Roberts into custody, and release said bond; and that thereupon the said sheriff took him into custody but refused to release said bond. The sheriff further alleged in his answer that he was thereupon served with a writ of *habeas corpus* issued by the probate judge of Bourbon county, who afterward remanded said Roberts into his custody, and that afterward the said L. D. Roberts presented another prison-limit bond, and that he again afterward took him into nominal custody at the request of said bondsmen. He also sets forth in his answer that neither said Roberts nor any one for him has paid the amount of the said judgment stated in the order of arrest.

There seems to be no real dispute as to the facts in this case. As stated in the petition, Oliver brought a suit against Roberts in justice's court, and judgment was rendered therein against Roberts for $300. No affidavit for an order of arrest was made prior to the rendition of the judgment, and no hearing was had upon any facts alleged to constitute a fraud upon the part of Roberts, and no finding was made by the justice of the peace, save and except the entry of a money judgment. After judgment had been rendered, the plaintiff, Oliver, filed an affidavit in substance as

stated in the petition in this case, and upon the filing of said affidavit, and without any hearing as to the question of fraud, the order of arrest was issued by the justice, and thereunder the said Roberts was committed to the custody of the sheriff.   These proceedings were had under paragraphs 4872 and 4873 of the General Statutes of 1889, which are as follows:

"4872.   On judgment against the defendant, in any civil action before a justice of the peace, when the defendant is in the custody of the officers, as hereinbefore provided, or if, after judgment against him, there is filed in the office of such justice an affidavit of the plaintiff, his authorized agent or attorney, made before any person competent to administer an oath, stating the amount of judgment remaining unpaid, and one or more of the particulars mentioned in section 18, said justice of the peace shall, unless otherwise ordered by the plaintiff, issue an execution, and accompany the same with an order for the arrest of the defendant.

"4873.   Said order of arrest shall be addressed and delivered, with a copy of the affidavit, to the constable having said execution, and shall state the names of the parties, be signed by the justice issuing it, and state the amount of the judgment and costs unpaid, and shall require the officer, in case the same shall not be paid, or an amount of property of the defendant whereon to levy execution sufficient to satisfy the same cannot be found in his county, to arrest the defendant, if not already in the custody of the officer, and deliver him to the sheriff of the proper county, to be committed by him to the jail of the county, and kept in custody until discharged by law."

So far as the discussion of the proposition involved in this case is concerned, we consider that the subsequent steps are not material.   The contention of the petitioner is, that he has been deprived of his liberty without due process of law, and if this be true it is immaterial whether the petitioner is actually confined

in the jail of Bourbon county, or compelled to remain within the prison limits of said county by reason of the bond set forth in the answer of the sheriff. It is admitted that no provision is made by the code for a hearing with regard to the question of fraud, where the affidavit is filed by the plaintiff after judgment is rendered, and that the only provisions for the discharge of a debtor so arrested are contained in paragraphs 4609, 4610, and 4613, General Statutes of 1889. The first of these paragraphs provides, in substance, that any person taken on execution, where the process is issued from a justice of the peace, may obtain his release by setting off to the officer personal property sufficient to satisfy the judgment and costs; the second provides for the giving of a bond by the execution debtor to remain within prison bounds; and the third provides for his release upon his showing to the satisfaction of the justice who issued the execution that he was unable to perform the act therein commanded or to endure the imprisonment, and such discharge is allowed upon terms that may seem just to the justice of the peace making the order.

Section 16 of the bill of rights provides: "No person shall be imprisoned for debt except in cases of fraud." The obvious meaning of this is that there shall be no imprisonment for debt except in a case where fraud has been established. Fraud is never presumed. It is something which must be proved, and proved before a court having jurisdiction to pass upon the question. Consequently, before one in this state may be imprisoned for fraud, there must have been a judicial finding, upon due process of law. Section 1 of article 14 of the constitution of the United States provides that no state shall "deprive any person of life, liberty or property without due process of

law.'' In the famous Darmouth College case, Daniel Webster enunciated the following definition of what is meant by due process of law, which is copied approvingly by Judge Cooley in his work on Constitutional Limitations (Cooley, Const. Lim., p. 408, § 353):

"By the law of the land is most clearly intended the general law; a law which hears before it condemns; which proceeds upon inquiry, and renders judgment only after trial."

Taking this definition as a basis, we are forced to the conclusion that the sections in controversy are contrary to the letter and spirit of our bill of rights and the constitution of the United States. Nowhere is there any provision for a hearing and determination of the question of fraud where the affidavit of the plaintiff in an action is filed after judgment. No opportunity is given for an appeal from this portion of the judgment. Under this provision, a plaintiff might sue upon an ordinary promissory note to which the defendant admitted he had no defense and therefore made no appearance. An ordinary judgment might be rendered by the justice of the peace, and upon this ordinary judgment, if plaintiff should file an affidavit under the statute, the arrest and incarceration of the defendant would follow for fraud, without any hearing ever having been had, or any determination made, that fraud had been perpetrated by said defendant. It is argued by counsel for the respondent that if the affidavit is false the maker thereof may be punished for perjury, or the defendant may obtain his release by one of the methods prescribed by statute. Neither of these arguments answers the objection to the statute. The plaintiff making the affidavit might not be guilty of perjury, for in his own mind he might honestly believe the statements contained in his affidavit to be

true, and even if they were wilfully false the law never intended that one man should be imprisoned upon the affidavit of another, without a hearing and determination by a competent court of the truth of the grounds alleged which warrant such imprisonment. And so far as the provisions of the statute with regard to the release of a defendant are concerned, they in no manner relieve him from the finding of fraud made by the court. In this case the record shows that the petitioner filed a counter-affidavit denying the grounds of fraud alleged by the plaintiff, and denying the facts set up as a basis for the allegations of fraud, but he was denied a hearing, for the reason that the statute nowhere provided for a hearing after judgment upon this question. In *San Mateo v. Southern Pacific Rld. Co.*, 8 Am. & Eng. Rld. Cas. 27, the court uses the following language:

" By due process is meant one which, following the forms of law, is appropriate to the case and just to the parties to be affected. It must be pursued in the ordinary manner prescribed by the law ; it must be adapted to the end to be attained ; and it must give to the party to be affected an opportunity of being heard respecting the justice of the judgment sought. Without these conditions entering into the proceeding, it would be anything but due process of law. If it touched life or liberty, it would be wanton punishment, or rather wanton cruelty."

We do not consider it necessary to cite a large number of cases or to continue a discussion of this question. The principle here enunciated is too well recognized at this date to demand it. We are forced to the conclusion that the sections in question, so far as they permit the arrest of a judgment debtor upon the affidavit of the plaintiff, his agent or attorney, and the incarceration of such debtor in the jail of the

county without an opportunity of having a hearing upon the question of fraud, are contrary to the bill of rights and to the constitution of the United States.

The petitioner will therefore be discharged.

All the Judges concurring.